[No. A098585. First Dist., Div. Four. Mar. 20, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
BRANDON E. GROVES, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*This opinion is certified for publication with the exception of parts I and III.

## COUNSEL

Geri Lyn Green, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Acting Assistant Attorney General, Eric D. Share and Lisa Ashley Ott, Deputy Attorneys General, for Plaintiff and Respondent.

---

## OPINION

REARDON, J.—A jury convicted appellant Brandon E. Groves of two counts each of forcible oral copulation, kidnapping and carjacking, all committed in 1999. (See Pen. Code,[1] §§ 207, subd. (a), 215, subd. (a); see also former § 288a, subd. (c)(2), as amended by Stats. 1998, ch. 936, § 5.) He appealed his conviction and his initial sentence of 59 years to life[2] in state prison. We affirmed the underlying conviction, but reversed a sentence of 25 years to life and remanded for resentencing. (*People v. Groves* (Oct. 26, 2001, A090570) [nonpub. opn.].)

In March 2002, Groves was resentenced to a total term of 42 years to life[3] in state prison.[4] He received an indeterminate term of 25 years to life for one count of oral copulation. (See §§ 667.61, subd. (d)(2).) He was also sentenced to serve a 17-year determinate term—a consecutive eight-year aggravated term for the second count of oral copulation and a consecutive upper term of nine years for carjacking. Sentences for other offenses were stayed to avoid multiple punishment. (See § 654.) In his appeal after resentencing, Groves now contends that (1) the trial court erred by finding that the two counts of oral copulation occurred on separate occasions; (2) imposition of a full term consecutive term for the second count of oral copulation violated his federal constitutional due process and jury trial rights because it was imposed without a jury finding based on a burden of proof less than proof beyond a reasonable doubt; and (3) his sentence constitutes cruel and/or unusual punishment. We affirm the judgment, including the sentence.

---

[1] All further statutory references are to the Penal Code.

[2] Groves was originally sentenced to two consecutive indeterminate terms of 25 years to life each for the two oral copulation counts and a consecutive determinate term of nine years for kidnapping. Sentences for the remaining three charges were stayed on section 654 grounds.

[3] In his briefs, Groves refers to a sentence of 33 years to life, but the abstracts of judgment make it clear that the sentence is one for 42 years to life.

[4] The trial court opted to sentence Groves anew on all counts, although the only sentence that substantially differed from the original sentence after the new sentence was imposed was that for the second oral copulation count—the sentence that was the subject of our remand for resentencing.

## I.  CONSECUTIVE TERMS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## II.  JURY TRIAL AND DUE PROCESS

By statute, the trial court at sentencing is empowered to make the determination whether multiple sexual offenses occurred on separate occasions for purposes of imposing full consecutive terms. (See § 667.6, subd. (d); Cal. Rules of Court, rule 4.426(a)(2).) These findings are typically based on burden of proof by a preponderance of the evidence. (See, e.g., *People v. Levitt* (1984) 156 Cal.App.3d 500, 515 [203 Cal.Rptr. 276] [circumstances in aggravation].)  ▆▆▆  In this case, the trial court found that both oral copulations occurred on separate occasions, warranting the imposition of a full term for the second offense to be served consecutive to the term of 25 years to life imposed for the first offense. In his next challenge, Groves argues that the imposition of these two consecutive terms without a jury finding that the offenses occurred on separate occasions violated his federal constitutional rights to a jury trial and to due process.[7] (See U.S. Const., 6th & 14th Amends.)

Groves first claims that he had a due process right to have the separate occasions determination made by proof beyond a reasonable doubt. (See U.S. Const., 14th Amend.)  ▆▆▆  A criminal defendant has a federal constitutional due process right to have every fact necessary to *conviction* proven by proof beyond a reasonable doubt. (*McMillan v. Pennsylvania* (1986) 477 U.S. 79, 84-85 [106 S.Ct. 2411, 2415-2416, 91 L.Ed.2d 67]; *In re Winship* (1970) 397 U.S. 358, 364 [90 S.Ct. 1068, 1072-1073, 25 L.Ed.2d 368].) However, the United States Supreme Court has held that in a *sentencing* context, the state may link the severity of punishment to the presence or absence of a factor that the prosecution need not prove by proof beyond a reasonable doubt. (*McMillan v. Pennsylvania, supra,* 477 U.S. at p. 84 [106 S.Ct. at p. 2415]; *Patterson v. New York* (1977) 432 U.S. 197, 214 [97 S.Ct. 2319, 2329, 53 L.Ed.2d 281].) If the specific fact[8] at issue is not an element of the crime but is a factor that comes into play only after the defendant had been found guilty of the charges beyond a reasonable doubt and no increase in sentence beyond the statutory maximum for the offense established by the

---

*See footnote, *ante,* page 1227.

[7]Groves raised this same issue in his earlier appeal in relation to the imposition of two life terms for these two offenses, but we did not address it because we had determined that his sentence was to be imposed anew on remand for resentencing on other grounds. (*People v. Groves, supra,* A090570.) Thus, the issue is properly before us for resolution.

[8]The fact of a prior conviction has been exempted from these requirements. (See *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 [120 S.Ct. 2348, 2362-2363, 147 L.Ed.2d 435].)

jury is implicated, then the state may consider this factor based on a lesser standard of proof. (*Apprendi v. New Jersey, supra,* 530 U.S. at p. 487 [120 S.Ct. at p. 2361]; *McMillan v. Pennsylvania, supra,* 477 U.S. at pp. 85-86 [106 S.Ct. at pp. 2415-2416].) The facts setting the maximum term of a sentence and the trial court's power to impose that sentence are not elements of the crime for purposes of federal constitutional law. Within the range of sentence authorized by the jury's verdict, a trial court may exercise its discretion and expertise to impose a sentence. (See *Harris v. United States* (2002) 536 U.S. 545, 549-550, 566-567 [122 S.Ct. 2406, 2410, 2419, 153 L.Ed.2d 524].)

■ In this case, the specific fact—whether multiple offenses against the same victim occurred on separate occasions, based on a finding of whether Groves had a reasonable opportunity to reflect on his actions after the first offense but nevertheless chose to resume his sexually assaultive behavior—is not an element of either oral copulation offense. (See former § 288a, subd. (c)(2).) Logically, this factor cannot come into play until the defendant has already been convicted of multiple separate offenses. (See § 667.6, subd. (d).)

Likewise, the statutory maximum term for forcible oral copulation is the full consecutive term that was imposed in this case for Groves's second conviction of oral copulation. The determinate sentencing law provides that consecutive terms are typically calculated at one-third the middle base term. (See former § 1170.1, subd. (a), as amended by Stats. 1998, ch. 926, § 2.5.) A trial court *may* impose a full consecutive term for a second sexual assault offense, even if both offenses were committed during a single transaction. In such a situation, the trial court must offer a statement of reasons in support of its discretionary sentencing choice. (See § 667.6, subd. (c); Cal. Rules of Court, rule 4.406(b)(6).) If the trial court finds that both offenses were committed on separate occasions as the court did in Groves's case, the trial court *must* impose the full consecutive term for the second offense. (See § 667.6, subd. (d).) The mandatory imposition of this maximum possible sentence does not constitute an increase in the maximum possible sentence. Thus, we find that federal constitutional due process principles do not require that this finding be made by proof beyond a reasonable doubt.

Groves also asserts that he had a federal constitutional right to have a jury—rather than the trial court—determine this issue. (See U.S. Const., 6th Amend.) If due process requires a sentencing factor to be established by a burden of proof beyond a reasonable doubt, then the issue must be submitted to a jury. (See *Apprendi v. New Jersey, supra,* 530 U.S. at p. 490 [120 S.Ct. at pp. 2362-2363]; see also *Harris v. United States, supra,* 536 U.S. at p. 549-550 [122 S.Ct. at p. 2410].) However, as we have concluded that the

reasonable doubt standard is not implicated in this case, neither does this sentence factor require a jury's input. In this case, the trial court properly made the finding it did by a preponderance of evidence and without submitting the issue to a jury. Thus, the full consecutive sentence for Groves's second offense of oral copulation was consistent with federal constitutional standards.

### III.  CRUEL AND/OR UNUSUAL PUNISHMENT*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

Kay, P. J., and Sepulveda, J., concurred.

---

*See footnote, *ante*, page 1227.